RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/23/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HARRISON JEFFERSON | DOCKET NO. 1:13-CV-2654; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM KEITH | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Harrison Jefferson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 11, 2013. Petitioner attacks his conviction and sentence in the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

### Background

On October 14, 2008, Harrison Jefferson pled guilty to, and was convicted of, first degree robbery, attempted first degree robbery, and attempted simple robbery. He was sentenced the same day. Petitioner did not file a direct appeal. [Doc. #1] Approximately four years later, on October 18, 2012, Petitioner filed a Motion to Correct Illegal Sentence in the Ninth Judicial

District Court[1]. The motion was denied on October 31, 2012. The judge noted that the motion was untimely, that Petitioner had waived his right to appeal his sentence because he plead guilty, and that his claim was not cognizable in a motion to correct sentence. [Doc. #1-2, p.1]

On November 15, 2012, Petitioner filed a Notice of Intent to seek writs in the Court of Appeals from the judgment dismissing his motion to correct sentence. [Doc. #1-2, p.23] The writ was denied on January 17, 2013, as "[t]here is no error in the trial court's ruling." [Doc. #1-2, p.24] Petitioner filed a writ application in the Louisiana Supreme Court, which was denied on July 31, 2013. Petitioner then filed the Petition for Writ of Habeas Corpus now before the court for report and recommendation.

## Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply" to a state prisoner's application for a writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1). This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v.

---

[1]He had previously filed a Motion to Amend Sentence, which was denied on January 13, 2009, as untimely. [Doc. #1-2, p.1,2]

Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner entered a plea of guilty to the charges against him, and he was sentenced on October 14, 2008. He did not appeal from the conviction or sentence. Therefore, his conviction became final on or about November 14, 2008. He had one year from that date within which to seek federal habeas relief. He did not seek review until 2013.

Although 28 U.S.C. §2244(d)(2) provides a tolling provision whereby the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one year period for the AEDPA[2], the provision is not applicable in this case. Petitioner did not file an application for post-conviction relief. Thus, Petitioner's time limit under the AEDPA expired on or about November 14, 2009.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1)

---

[2] See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir.1991)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

Petitioner's claim that Missouri v. Frye provided a new rule of constitutional law is misplaced and frivolous. The Fifth Circuit has held that Lafler v. Cooper, --- U.S. ----, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and Missouri v. Frye, --- U.S. ----, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), do not provide new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context. See United States v. Rich, 141 F.3d 550, 554 (5th Cir. 1998); §2244(b)(2)(A).

Additionally, a state inmate must exhaust all available state remedies before proceeding in federal court, unless circumstances exist which render the state corrective process ineffective to

protect the prisoner's rights. See 28 U.S.C. §2254(b),(c), Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).[3] It is evident from Plaintiff's allegations that Petitioner did not properly seek post-conviction relief through all Louisiana courts.

*Conclusion*

**Therefore, IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and are not exhausted.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely

---

[3]Under Louisiana law, inmates may seek judicial review of disciplinary action taken against him by filing suit in the Nineteenth Judicial District Court (19th JDC). See La. R.S.15:1177. If not satisfied, the inmate may seek discretionary review in the First Circuit Court of Appeals and then in the Louisiana Supreme Court. See La. Const. Art. 5, §§ 5 and 10.

5

objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this 23rd day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE